24-2622-cr
*United States v. Oathout*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of June, two thousand twenty-five.

Present:

> WILLIAM J. NARDINI,
> EUNICE C. LEE,
> SARAH A. L. MERRIAM,
> *Circuit Judges*.

---

UNITED STATES OF AMERICA,

> *Appellee*,

v.                                                              24-2622-cr

JOHN OATHOUT, AKA JOHN M. OATHOUT,

> *Defendant-Appellant*.

---

| | |
|---|---|
| For Appellee: | Joshua Rothenberg, Assistant United States Attorney, *for* Daniel Hanlon, Acting United States Attorney for the Northern District of New York, Syracuse, NY. |
| For Defendant-Appellant: | James P. Egan, Assistant Federal Public Defender (Lisa Peebles, Federal Public Defender for the Northern District of New York), Syracuse, NY. |

1

Appeal from a judgment of the United States District Court for the Northern District of New York (Brenda K. Sannes, *Chief Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant John Oathout appeals from a judgment of the United States District Court for the Northern District of New York (Brenda K. Sannes, *Chief Judge*) entered on September 25, 2024, following his guilty plea to one count of transporting a minor to engage in illegal sexual activity, in violation of 18 U.S.C. § 2423(a). The district court sentenced Oathout principally to twenty-five years in prison followed by twenty years of supervised release. On appeal, Oathout argues that the court erred by imposing a special condition of supervised release that requires him to adhere to the rules of the Internet and Computer Management Program ("ICMP") without providing a copy of those rules or orally pronouncing them at sentencing. We assume the parties' familiarity with the case.

"We generally review the imposition of conditions of supervised release for abuse of discretion." *United States v. Arguedas*, 134 F.4th 54, 68 (2d Cir. 2025).[1] When, as here, the defendant had clear prior notice of a proposed condition of supervised release and a meaningful opportunity to object to it, but failed to challenge the condition in the district court, we review for plain error. *See id.*; Fed. R. Crim. P. 52(b). The ICMP condition that the district court orally pronounced at sentencing was set forth verbatim in the Presentence Report, and Oathout's lawyer confirmed that he had read and discussed that document, including the proposed special conditions set forth therein, with Oathout prior to sentencing. Oathout neither objected to the ICMP condition

---

[1] Unless otherwise indicated, when quoting cases, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted.

nor requested a written copy or oral recitation of the ICMP rules, despite having an opportunity to do so. Given this record, plain error review applies. *See United States v. Lewis*, 125 F.4th 69, 75 (2d Cir. 2025) ("[O]ur caselaw is clear that traditional plain-error review applies when, as here, a defendant has notice that a condition of supervised release will be imposed and fails to object.").

"[F]or an error to be plain, it must, at a minimum, be clear under current law, which means that we typically will not find such error where the operative legal question is unsettled, including where there is no binding precedent from the Supreme Court or this Court." *United States v. Napout*, 963 F.3d 163, 183 (2d Cir. 2020). We have never held that a district court must orally pronounce, or otherwise disclose, at sentencing the complete terms of a computer monitoring program in which the defendant is ordered to participate. Oathout therefore has not borne his burden of showing that any hypothetical error was plain, as required by Rule 52(b). Accordingly, there is no basis for this Court to disturb the judgment.

*     *     *

We have considered Oathout's remaining arguments and find them to be unpersuasive. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk